## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**BEAU DERISE**                                                                 **CIVIL ACTION**

**VERSUS**

                                                                                **21-432-SDD-RLB**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 5, 2021.

 

 

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **BEAU DERISE** | **CIVIL ACTION** |
| **VERSUS** | |
| | **21-432-SDD-RLB** |
| **UNITED STATES DISTRICT COURT** <br> **MIDDLE DISTRICT OF LOUISIANA** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On October 5, 2021, the Court granted Beau Derise's ("Plaintiff") Motion for Leave to Proceed in Forma Pauperis. As Plaintiff is now proceeding in forma pauperis ("IFP"), this Court has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the Complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim upon which relief may be granted.

### I. Plaintiff's Allegations

Plaintiff filed a Complaint on July 23, 2021, naming as Defendant "United States District Court Middle District of Louisiana" (the "Middle District of Louisiana"). (R. Doc. 1). The complaint alleges that the ground for this suit are "supporting terrorism through corporate gangs talking." (R. Doc. 1 at 1). He seeks monetary relief in the amount of "68 zillion" as well as certain injunctive relief. (R. Doc. 1, R. Doc. 1-2 "$68,000,000,000,000,000").

The Statement of Claim provides the following:

> [I]nvolved in a March 14, 2020 shutdown by Donald Trump which violated my civil rights and participated in illegal broadcasting of a terrorist hired by Allstate Insurance.
>
> A COVID-19 device is decoded as a computer operated voice integrated Device – 19 1=A 9=I Allstate Insurance is I.S.I.S. Equipment known as illegal speakers insid[e] somewhere. It supports corporate gangstalking which is street terrorism. I was illegally held in Lafayette parish jail until 3/16/20. Trump opened the pandemic 3/14/20 and shut down all court houses with people known as ISIS impersonating security inside state a fake police force who tried to kill me on several occasions who also put transmitters in my ears. Call John Shaw for lawsuit info.

(R. Doc. 1, 1-1).

The Complaint is signed by the plaintiff, who identifies himself as a "CIA Agent." (R. Doc. 1 at 2).

## II. Law and Analysis

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

    **A.**    **The Claims are Entirely Frivolous and the Court Lacks Power to Entertain Them**

The Fifth Circuit Court of Appeals has noted that "some claims are so insubstantial, implausible, … or otherwise devoid of merit as not to involve a federal controversy." *Atakapa Indian De Creole v. State of Louisiana, et al.*, 943 F.3d 1004, 1006 (5th Cir. 2019) (internal citation omitted). Federal Courts lack power to entertain these wholly insubstantial and frivolous claims. *Id*.

While the undersigned recognizes that this determination should be used sparingly, and that pro se litigants are entitled to some leeway and their pleadings should be construed liberally, this matter is consistent with the Fifth Circuit's determination that court's should not be put to the trouble of adjudicating such meritless matters. *Id.* at 1007.

No further analysis should be necessary. No further use of judicial resources, such as a *Spears* hearing, should be wasted. Plaintiff's claims are repeated verbatim above. In addition, there is no mention or allegation whatsoever against the named defendant, United States District Court Middle District of Louisiana. This matter should be dismissed.

    **B.**    **The Claims are Redundant of Prior Litigation and an Attempt to Avoid Sanctions**

Plaintiff resides in the Western District of Louisiana and has filed a plethora of lawsuits in that court. In a Report and Recommendation filed in the Western District of Louisiana, the background regarding plaintiff's various allegations as well as the listing of the 30 cases he filed are covered in greater detail. *Derise v. Acadian Companies, et al.*, 21-cv-69, 2021 WL 1743320 (W.D. La. April 9, 2021). Attached to plaintiff's complaint in the instant matter is an excerpt from that report and recommendation and a listing of 27 of the 30 cases previously filed. (R. Doc. 1-1 at 2).

Similar to the instant case, the "allegations asserted in all of the listed lawsuits are rambling, largely incoherent, and presented in a stream-of-consciousness style." *Derise,* at *2. "There are repeated allegations about high frequency sounds, sometimes attributing the sounds to devices implanted in his ears or played over ISIS-related or COVID-19-related speakers or sound systems." *Id.* "Indeed, all of the complaints allege terrorism and gangstalking." *Id.* Those cases also contain allegations against Allstate, including that he was arrested on false charges and held in a Lafayette jail.

In the various Judgments entered by the district judge, the plaintiff was warned about any additional filings of frivolous lawsuits. "The Court further notes that, as Mr. Derise's complaints fail to state any plausible, nonfrivolous claims on which relief can be granted, he is hereby WARNED that the filing of any additional frivolous lawsuits will result in his being ordered to show cause why he should not be placed on the list of sanctioned/barred litigants for this district, so that he is barred from filing any action in the United States District Court for the Western District of Louisiana without first obtaining the approval and authorization of the chief judge." *Derise v. Acadian Companies*, 2021 WL 1740379 (W.D. La. May 3, 2021); *Derise v. Shaw*, 2021 WL 1952682 (W.D. La. May 14, 2021); *Derise v. Hilton Garden Inn/Cajundome*, 2021 WL 2142950 (W.D. La. May 26, 2021).

The instant lawsuit, filed less than two months after this last warning, was filed in this district in an apparent attempt to bring the same allegations previously found frivolous, but avoid the possibility that he be sanctioned/barred from filing any future actions in the Western District of Louisiana.

"A case may be dismissed as malicious if it duplicates claims that the same plaintiff has raised in previous or pending litigation." *Lewis v. Secretary of Public Safety and Corrections,* 508 Fed. Appx. 341, 343-44 (5th Cir. 2013) (citing *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir.1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989)). A case is duplicative if it

involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

The court finds that plaintiff's claims are duplicative and malicious and shall be dismissed. Because Judgments have been entered in those cases and plaintiff has had his opportunity to litigate these claims, the dismissal in the instant matter should be with prejudice.

### C.    Suit Against a United States District Court

District courts are part of the judicial branch of the United States Government and thus entitled to sovereign immunity. *Nottingham v. U.S. District Court for Middle District of Pennsylvania*, 2021 WL 1313536, *3 (M.D. Penn. April 8, 2021) (citing cases). The United States enjoys absolute sovereign immunity from suit except to the extent to which it has waived such immunity. *Ward v. U.S. District Court for the Western District of Tennessee*, 2015 WL 137204, *1 (W.D. Tenn. Jan. 8, 2015). In *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), the Supreme Court found that the Fourth Amendment constituted a waiver of sovereign immunity in actions against federal officers sued in their individual capacities. *Bivens* has not, however, been expanded to include actions against the United States itself, or against federal agencies, including the federal courts.

Plaintiff offers no basis for jurisdiction over the United States. Although not specifically named, any case against an individual judge for performing judicial functions would be barred because judges enjoy absolute immunity from such suits.

Claims arising un the Federal Tort Claims Act would likewise be subject to dismissal on these same grounds. *See* 28 U.S.C. § 2674 ("With respect to any claim under this chapter, the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.").

### D. No Leave to Amend

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs generally given one chance to amend before dismissal unless "it is clear that the defects are incurable"). However, a court should deny leave to submit futile amendments that are "insufficient to state a claim." *Jamieson v. Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000). The undersigned recommends that this matter be dismissed and that plaintiff be given no opportunity to amend.

As referenced above, plaintiff's complaint is frivolous because the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33. Indeed, the claims are so insubstantial, implausible, … or otherwise devoid of merit as not to involve a federal controversy. *Atakapa*, 943 F.3d at 1006. These allegations have been addressed in numerous cases filed in the Western District, where Plaintiff faces sanctions should he attempt to urge them again in that district. Finally, amendment is futile. There are no facts plaintiff could allege that would state a valid claim against the named defendant in this case.

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**. Plaintiff should be warned that any further frivolous filings may result in sanctions precluding him from filing any additional lawsuits without leave of court.

Signed in Baton Rouge, Louisiana, on October 5, 2021.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**